S. M. DAVIS *vs.* W. G. PHILBRICK.

Somerset.   Opinion January 25, 1895.

*Plea in Abatement.   Misnomer.*

A plea in abatement by a defendant that his name is not W. G. Philbrick as he is described in the writ, but that his true name is W. J. Philbrick, is bad, for not giving his first name in full instead of merely giving the initial letter thereof; and, if he has no first name other than the letter W, that would be a fact so unusual that it should be so specially stated in the plea.

ON EXCEPTIONS.

The plaintiff brought suit before a trial justice on an account annexed and the defendant filed a plea in abatement claiming a misnomer. The plaintiff filed a general demurrer. The trial justice sustained the demurrer, and the defendant appealed. The presiding justice in the court below sustained the demurrer, affirmed the judgment of the lower court, and the defendant excepted.

(Plea in Abatement.)

State of Maine.   Somerset ss.

At a trial justice court holden before H. H. Powers, trial justice, in and for the county of Somerset, aforesaid, on this twenty-seventh day of January, in the year of our Lord one thousand eight hundred and ninety-four, in the action of S. M. Davis v. W. G. Philbrick, the writ therein in said action being returnable this 27th day of January, A. D., 1894, at ten o'clock A. M., before said H. H. Powers, trial justice, aforesaid, at the office of J. W. Manson in Pittsfield, in said county, now, therefore, comes W. J. Philbrick upon whom the plaintiff's writ was served in the above named action and who is thereby impleaded by the name of W. G. Philbrick, in his proper person comes

and defends, by his attorney, Frank W. Hovey, at the time and place aforesaid, and says he now is and always was called and known by the name of W. J. Philbrick, and not W. G. Philbrick as by the writ and declaration in the above entitled action is alleged, and this he is ready to verifiy.

Wherefore he prays judgment of said writ that the same may be quashed, and for his costs.

W. J. Philbrick.

By his attorney, Frank W. Hovey.

I, Frank W. Hovey, of Pittsfield, aforesaid attorney of W. J. Philbrick, make oath and say that the plea hereunto annexed is true in substance and fact, and I have subscribed and hereby sworn to the same this 27th day of January, A. D., 1894.

Before me, H. H. Powers, Trial Justice.

(Letter of Attorney.)

Know all men by these presents that I, W. J. Philbrick, of Pittsfield, in the county of Somerset and state of Maine, do hereby constitute and appoint Frank W. Hovey, of said Pittsfield, my attorney irrevocably in the premises, hereby specially authorizing and instructing him to answer by plea in abatement and otherwise to a suit commenced against me returnable before H. H. Powers, trial justice, at a court to be holden by him at the office of J. W. Manson in said Pittsfield, on Saturday, January 27th, A. D., 1894, a summons being served on me whereby I am impleaded by the name of W. G. Philbrick, and whereas my name is W. J. Philbrick, I hereby authorize my said attorney to file a plea in abatement, at said time, and otherwise conduct the proceedings in said action.

In witness whereof I have hereunto set my hand and seal this twenty-fifth day of January, A. D., 1894.

W. J. Philbrick.    (Seal.)

Witness, H. S. Nickerson.

The letter of attorney was filed in the appellate court after the entry of judgment affirmed. The plaintiff also, afterwards, filed a motion to amend the writ by substituting the name W. J. Philbrick for W. G. Philbrick, which motion was allowed.

*J. W. Manson*, for plaintiff.

Counsel cited : *Hazzard* v. *Haskell*, 27 Maine, 550 ; *Getchell* v. *Boyd*, 44 Maine, 482 ; *State* v. *Flemming*, 66 Maine, 150. Misnomer should be pleaded in person and not by attorney. *Foxwist* v. *Tremaine*, 2 Saund. 209 ; Sto. Plead. Abatement, Misnomer and notes : *Guild* v. *Richardson*, 6 Pick. 370. Plea repugnant and inconsistent. It is W. J. Philbrick "in his own proper person comes and defends by his attorney." Prayer should be judgment of both writ and declaration. 2 Chit. Pl. (16 Ed.), citing *Davies* v. *Thompson*, 14 M. & W. 161. Plea of misnomer should give the full name and not initials merely. *State* v. *Homer*, 40 Maine, 438 ; *Sistermans* v. *Field*, 9 Gray, 331 ; *U. S.* v. *Upham*, 43 Fed. Rep. 68 ; *State* v. *Knowlton*, 70 Maine, 200.

A general demurrer to a plea in abatement will reach all defects whether of substance or form. *Severy* v. *Nye*, 58 Maine, 246 ; *Hazzard* v. *Haskell*, 27 Maine, 550 ; *Adams* v. *Hodsdon*, 33 Maine, 225 ; *Getchell* v. *Boyd*, 44 Maine, 482. Even to form of affidavit. *Bellamy* v. *Oliver*, 65 Maine, 108.

Letter of attorney filed after hearings cannot affect the case. Amendment allowable. R. S., c. 82, § 10.

*F. W. Hovey*, for defendant.

It was early decided and the rule is still in force, that for misnomer an application or motion to amend after issue joined, would be refused. Chit. Pl. p. 464 ; *Moody* v. *Aslatt*, 1 Cr. M. & R. 771, S. C. 5 Tyr. 492.

Amendment not allowable after plea filed and issue joined. *Fogg* v. *Greene*, 16 Maine, 282 ; *Maine Cent. Inst.* v *Haskell*, 71 Maine, 487. Pleading in person : Chit. Pl. p. 104.

Some of the very oldest authorities under the earlier English law hold that, if pleaded by attorney, there should be a letter of attorney, but hold that it can be done in this case. But this rule would not apply in this country, where the duties of attorney and the earlier duties of barrister under the English law are so widely different, that no special letter of attorney is here required.

Had the plea in abatement prayed for judgment in the beginning and close of the plea, it would have been bad. Where

the plea is for matter *dehors*, as misnomer, the plea should only conclude with that prayer. Chit. on Pl. p. 478 ; *The King* v. *Shakespeare*, 10 East, 87. The affidavit is correct in form, it relates that the plea is true in substance, and in fact is in accordance with the approved form. Chit. Pl. p. 480. Coverture may be pleaded by attorney, and the plea in abatement held good, and if the defendant can plead that she was mismated by attorney, what sense or reason would there be in refusing to allow her to plead by attorney that she was misnamed? *Atwood* v. *Higgins*, 76 Maine, 423. The defendant has not properly demurred to the plea in abatement, as by Chitty on Pleading, (16th Ed.) p. 482, the demurrer should pray judgment that the writ may be adjudged good and that the defendant may answer further thereto. There are no cases and no pleas in abatement that cannot be plead by attorney, except to the jurisdiction ; all law writers on pleading give this rule.

SITTING : PETERS, C. J., FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. The writ in this case describes the defendant as W. G. Philbrick and the plaintiff as S. M. Davis. To describe parties only by the initial letters of both their first and middle names, unless some excuse for it is intimated by the pleader, is a style of description not commendable in any court. The defendant asserts his objection to it by pleading in abatement that his own name was not W. G. Philbrick but W. J. Philbrick. To this plea in abatement a general demurrer is filed by the plaintiff. Some sharp thrusts are made by the arguments and points submitted on each side.

We incline, however, to the belief that the demurrer should be sustained, because the defendant in lieu of the name given him by the writ does not give the whole of the name which belongs to him. He should not only correct the mistake as to the middle initial of the name, but should supply what the first initial stands for.

We are, we think, correctly assuming that the letter W is not the real name of the defendant. If it be so, or if he is

known only in that way, it would be so unusual and unlikely a thing that he should so state it specially in his plea.

Inasmuch, then, as we must presume that the defendant has pleaded his true name in part only correctly, his plea in abatement fails.

> *Demurrer sustained.   Plea bad.   Judgment for plaintiff.*

